

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 27, 1963

Hon. Joe D. Carter, Chairman
Texas Water Commission
P. O. Box 2311
Capitol Station
Austin, Texas

Opinion No. C-102

Re: Travel expense of em-
ployees of the Texas
Water Commission.

Dear Mr. Carter:

Your request for an opinion reads as follows:

"By your Opinion Number C-3, dated
January 23, 1963, the Texas Water Com-
mission was advised that expenditures
could be made from our Appropriation Line
Item #14 (cancellation fund) for certain
expenses incurred and to be incurred in
participating in the suit in the Lower Rio
Grande Valley to adjudicate water rights,
styled State of Texas et al vs. Hidalgo
County Water Control and Improvement Dis-
trict No. 18 et al.   In this suit cancel-
lation of water rights claims is sought
by the Texas Water Commission.  Line Item
14 is as follows:

| | "'For the Years Ending | |
|---|---|---|
| | August 31, 1962 | August 31, 1963 |
| "'14.  For expense of can-
cellations, notices,
including advertis-
ing, postage, fees
and other costs | 15,000 | U.B.'" |

"Another expense which will be incur-
red in connection with this litigation re-
lates to making personnel available to plat

-503-

Hon. Joe D. Carter, page 2 (C-102)

on maps acres now being irrigated in order
that a determination can be made concerning
those areas which are not entitled to re-
ceive Rio Grande waters.  Such undertaking
is a necessary step in the path leading to
cancellation of unused water right claims,
and the maps, when completed, will consti-
tute evidence necessary for the proper prepa-
ration of the State's case.

"In normal cancellation proceedings be-
fore the Commission, work of this type is
done in our office using the records of the
Commission.  However, to do the work in the
Valley case, our personnel must go to the
Courthouse at Edinburg where are maintained
the records containing the information that
will be transposed to the maps being prepar-
ed.  Naturally, this will entail per diem
and travel expense which our normal travel
expense line item cannot accommodate.

"The Commission believes that monies
available in the cancellation fund could
lawfully be used for this mapping work since
you have previously ruled the fund could be
utilized to acquire aerial maps.  The maps
we now need to prepare are just as important
to the State's case, and unless such cancel-
lation fund can be used to pay expenses of
our employees while in Edinburg, we will have
to bring this phase of our cancellation pro-
gram to a halt.

"On the basis of the foregoing facts, may
the Water Commission pay from our Appropriation
Line Item 14 travel and per diem expenses of em-
ployees whose presence is required in the Lower
Rio Grande Valley to prepare evidence necessary
for the proper preparation of the State's case
in State of Texas et al vs. Hidalgo County
Water Control and Improvement District No. 18?"

Items 4 and 14 of the Appropriation to the Texas
Water Commission read as follows:

-504-

|  | "For the Years Ending | |
|---|---|---|
|  | August 31, 1962 | August 31, 1963 |
| "4. Travel Expense and the operation and maintenance of trucks. . . . . | 52,000 | 52,000 |
| " . . . | | |
| "14. For expense of cancellations, notices, including advertising, postage, fees and other costs . . . . . . . . . | 15,000 | U.B." |

In construing the provisions of Item 14, above quoted, it was held in Attorney General's Opinion C-3 (1963):

"It is noted that the $15,000 appropriation contained in Item 14 may be expended for any necessary expense involved in cancellation of water rights. It is further noted that such appropriation is not limited to expense involved in an administrative proceeding but includes expense involved in cancellation whether by an administrative proceeding or a judicial proceeding.

"Since it has been determined that the maps and aerial photographs referred to in your request are necessary to the proper preparation of a case seeking certain cancellations, you are advised that Item 14 may be expended for such purpose."

In construing the provisions of Item 4, above quoted, we are governed by the provisions of subdivision (a) of Section 31 of Article V of the General Appropriations Act, which reads as follows:

"The amounts specifically appropriated in this Act to each agency of the State for the payment of travel expenses are intended to be and shall be the maximum amounts to be expended by employees and officials of the respective agencies. None of the moneys appropriated by this Act for travel expenses

may be expended unless the official travel
and the reimbursement claims therefor are
in compliance with the following conditions,
limitations, and procedures: . . ." (Em-
phasis added).

In Attorney General's Opinion O-1294 (1939), the
same being Conference Opinion 3089, this office held:

"Where a department or division of a
department is provided with a specific item
of appropriation for 'traveling expenses,'
the amount thus provided represents the maxi-
mum which may be spent for that purpose by
the department or division of a department,
and such amount may not be supplemented from
any source, save and except from Federal funds
authorized by the Federal Government to be used
for such purpose."

This conclusion was based on a construction of the
General Rider appended to Senate Bill 427, Acts of the
46th Legislature, Regular Session, providing in part as
follows:

"Except as to field travel expense of
the Highway Department, it is provided that
no expenditure shall be made for traveling
expenses by any department of this State in
excess of the amount of money itemized here-
in for said purpose. This provision shall
be applicable whether the item for traveling
expenses is to be paid out of the appropria-
tion from the General Fund, from fees, receipts
or special funds collected by virtue of cer-
tain laws of this state, or from any other
funds (exclusive of Federal funds) available
for use by a department."

Since expenditures for travel expenses have been
specifically provided for in Item 4, it is our opinion
that the appropriation for travel expense may not be sup-
plemented by funds appropriated in Item 14. Attorney Gene-
ral's Opinions O-5899 (1944) and O-2131 (1940). Thus it
was not the legislative intent to allow necessary travel
expense to be paid from funds appropriated in Item 14, in
view of the provisions of Section 31 of Article V of the
General Appropriation Act, above quoted.

You are therefore advised that the travel and per

diem expenses of employees whose presence is required in the Lower Rio Grande Valley to prepare evidence necessary for the proper preparation of the State's case in State of Texas v. Hidalgo County Water Control and Improvement District No. 18 is to be paid for out of Item 4 rather than Item 14.

## S U M M A R Y

The travel and per diem expenses of employees whose presence is required in the Lower Rio Grande Valley to prepare evidence necessary for the proper preparation of the State's case in State of Texas v. Hidalgo County Water Control and Improvement District No. 18 is to be paid for out of Item 4 rather than Item 14.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
W. O. Shultz
Grady Chandler
Ben Harrison
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone